UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CORSETTI,

        Plaintiff,

v.

        Case Number 10-12823
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

MARK A. HACKEL, SGT. CAMPAU, SGT.
SCHULTZ, SGT. B. KUTELL, DEPUTY
MASAKOWSKI, DEPUTY MAZZARELLI,
DEPUTY METRY, DEPUTY FURNO, JANE
DOE, VALERIE WATKINS, and JOHN DOE,

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING
PLAINTIFF'S OBJECTIONS, AND DENYING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT**

Presently before the Court is a report issued on the plaintiff's motion for default judgment on May 2, 2011 by Magistrate Judge Michael J. Hluchaniuk pursuant to 28 U.S.C. § 636(b). Judge Hluchaniuk recommended denying the plaintiff's motion for default judgment because the plaintiff had not yet requested or received an entry of default from the clerk. The plaintiff filed timely objections on May 18, 2011, arguing that he sought a default judgment by filing the motion presently under review. However, the plaintiff's objections do not address the magistrate judge's point that he was required to seek an entry of default from the clerk pursuant to Fed. R. Civ. P. 55 before filing a motion for default judgment with the Court.

In order to obtain a default judgment against a party who has received service but failed to appear or plead in a case, the plaintiff must first seek an entry of default from the Clerk of the Court under Rule 55(a). *See* 10A Charles A. Wright, Arthur Miller, & Mary Kay Kane, Federal Practice & Procedure § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule

55(b)(2), there must be an entry of default as provided by Rule 55(a).") The plaintiff must show "by affidavit or otherwise" that the party against whom he seeks a default "has failed to plead or otherwise defend" in the case. Fed. R. Civ. P. 55(a). The Local Rules for this Court require that a request for a clerk's entry of default must include a supporting affidavit, "a statement identifying the specific defendant who is in default[,] . . . [a] statement attesting to the date the summons and complaint were served upon the defendant who is in default[, and a] statement indicating the manner of service and the location where the defendant was served." E.D. Mich. LR 55.1. The Clerk's Office provides an appropriate form for seeking a clerk's entry of default that the plaintiff may use. *Id.* at cmt. This procedural step allows the Court to ensure that it has personal jurisdiction over the defendant through proper service on the defendant and that there is sufficient evidence in the record, in the form of affidavits, to support a finding that the defendant has failed to appear or defend the suit. *See* 10A Charles A. Wright, Arthur Miller, & Mary Kay Kane, Federal Practice & Procedure § 2682. This step is "merely a formal matter and does not constitute the entry of judgment." *Ibid.*

Only after the plaintiff receives a clerk's entry of default may he file his motion for default judgment. *See* Fed. R. Civ. P. 55(b). Because the plaintiff does not request a judgment in a specified sum, he cannot seek a default judgment from the court clerk and instead must file his motion with the Court. *Ibid.* The Court then has the authority to conduct a hearing or refer the matter to magistrate for such a hearing to determine the amount of damages to enter as the judgment, to establish the truth of the parties' allegations, or to conduct any other investigation necessary. Fed. R. Civ. P. 55(b)(2). Following a hearing, if the Court determines that a hearing is necessary, the Court may enter a default judgment against the requested party in an amount the Court deems appropriate based on its review of the record. *Ibid.*

The plaintiff's objections do not specifically address the magistrate judge's finding that the plaintiff did not seek a clerk's entry of default prior to filing his motion for default judgment. A party's failure to file objections to the report and recommendation, or to object to certain portions of the report and recommendation, waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to this portion of the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge. The plaintiff has not sought a clerk's entry of default, which is a necessary prerequisite to his present motion, and his objections do not state otherwise.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #36] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #38] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for default judgment [dkt #33] is **DENIED**.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated: May 27, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 27, 2011.

          s/Deborah R. Tofil
          DEBORAH R. TOFIL