UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CORSETTI,

        Plaintiff,

v.

        Case Number 10-12823
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

MARK A. HACKEL, SGT. CAMPAU, SGT.
SCHULTZ, SGT. B. KUTELL, DEPUTY
MASAKOWSKI, DEPUTY MAZZARELLI,
DEPUTY METRY, DEPUTY FURNO, JANE
DOE, VALERIE WATKINS, and JOHN DOE,

        Defendants.
_____/

## ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE HLUCHANIUK'S ORDER DENYING THE PLAINTIFF'S MOTION TO BE HOUSED AT MDOC MACOMB REGIONAL FACILITY

      On May 16, 2011, Magistrate Judge Michael J. Hluchaniuk issued an order denying the plaintiff's motion to be housed at Michigan Department of Corrections' Macomb Regional Facility. The plaintiff filed objections to this order on June 2, 2011, in which he explains that he does not want to be transferred to the Macomb County Jail because that facility has a poor law library, he believes that he will have a negative relationship with deputies in the jail which may restrict his access to the law library, and the jail does not provide indigent inmates with ink pens or other writing supplies to correspond with the Court.

      Under 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge has the authority "to hear and determine any pretrial matter pending before the court," with certain exceptions that do not apply here. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 permits parties a fourteen day window after service of the order to object. Fed. R. Civ. P. 72(a). Upon receiving objections, this Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision

is "clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N. Car.*, 470 U.S. 564, 573 (1985).

Magistrate Judge Hluchaniuk denied the motion for a specific placement after finding that the plaintiff did not have a constitutional right to be incarcerated in a particular facility and granting this requested relief would require unwarranted federal court interference with the State's operation of its prisons. *See Sandin v. Conner*, 515 U.S. 472, 482-83 (1995); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Although the plaintiff asserts in his objections that he is not asking the Court to interfere with State operations, he does not explain how federal court action would not interfere with an area in the State's control. He also fails to present any argument that the magistrate judge's decision was clearly erroneous. Therefore, the Court has no basis on which to find that Judge Hluchaniuk's decision was "clearly erroneous" and will overrule the objections.

Accordingly, it is **ORDERED** that the plaintiff's objections [dkt #40] to the magistrate judge's order are **OVERRULED**.

s/David M. Lawson
DAVID M. LAWSON

United States District Judge

Dated: June 9, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 9, 2011.

                                          s/Deborah R. Tofil
                                          DEBORAH R. TOFIL