UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CORSETTI,

        Plaintiff,

v.

        Case Number 10-12823
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

MARK A. HACKEL, SGT. CAMPAU, SGT.
SCHULTZ, SGT. B. KUTELL, DEPUTY
MASAKOWSKI, DEPUTY MAZZARELLI,
DEPUTY METRY, DEPUTY FURNO, JANE
DOE, VALERIE WATKINS, and JOHN DOE,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On May 27, 2011, the Court adopted the magistrate judge's report and recommendation to deny the plaintiff's motion for a default judgment and overruled the plaintiff's objections. The Court determined that the plaintiff had not followed the proper protocol for seeking a default judgment, as outlined in Federal Rule of Civil Procedure 55. Presently before the Court is the plaintiff's motion for reconsideration of this order.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However,

motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The plaintiff argues that he did comply with the procedures laid out in Rule 55 and explains that he submitted a letter to the Magistrate Judge for forwarding to the Clerk of the Court at the same time he submitted his motion for default judgment. This letter allegedly requested the necessary entry of default. A review of the docket indicates that the plaintiff is correct in this respect; docket entry #33, which is listed only as a motion for default judgment, actually includes the title motion along with a letter to the Clerk requesting an entry of default and an affidavit indicating that the defendant had been served but had not responded to the complaint. The plaintiff has demonstrated a palpable defect in the Court's ruling that merits reconsideration.

On the merits, however, the Court's denial of the motion for default judgment stands. The plaintiff bears the burden of demonstrating that defendant Mazzarelli was properly served in order to receive a default judgment against him. *Soulliere v. Soulliere*, 2008 WL 718164, *2 (E.D. Mich. March 14, 2008); *see also KVOS, Inc. v. Assoc. Press*, 299 U.S. 269, 278 (1936) (noting that the plaintiff generally has the burden of establishing jurisdiction). The plaintiff purports to meet this burden with the conclusory statement in his affidavit that "Macomb County Deputy A. Mazzarelli . . . was served by this Court, but I did NOT receive a reply or response from said defendant . . . ." Aff. of Joseph Corsetti [dkt #33] at 4. However, this statement is not supported by the record. Although the U.S. Marshal Service filed its acknowledgment of receipt of service documents on July 29, 2010, there is no evidence in the record that defendant Mazzarelli ever received service at any time before the plaintiff filed his motion for default judgment on March 18, 2011. The acknowledgment listed only eight copies of the complaint, but the docket sheet names 14

defendants. There is no waiver of service and no affidavit from the U.S. Marshal Service indicating that service had been effected. The reason for this inconsistency is unclear. Nonetheless, on March 30, 2011, the U.S. Marshal Service filed a second acknowledgment of receipt of service documents, twelve days after the plaintiff filed his motion for default judgment. This acknowledgment specifically listed defendant Mazzarelli as one of the recipients. A text-only entry from the same date indicates that the U.S. Marshal Service mailed the service documents to defendant Mazzarelli on that day. Mazzarelli returned an executed waiver of service on April 19, 2011 and his answer is due on June 13, 2011. Mazzarelli has timely filed this answer.

Based on the record before this Court, the plaintiff has failed to demonstrate that service had been effected before he sought an entry of default and a default judgment against defendant Mazzarelli. He failed to follow the proper procedures under Federal Rule of Civil Procedure 55. Therefore, the Court will grant the plaintiff's motion for reconsideration, but decline to reverse its decision adopting the magistrate judge's report and recommendation, overruling the plaintiff's objections, and denying the plaintiff's motion for default judgment.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt #42] is **GRANTED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [dkt #36] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #38] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for default judgment [dkt #33] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  June 21, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL