UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH CORSETTI,<br>a/k/a Laurence Stravaty,<br><br>            Plaintiff,<br>vs.<br><br>MARK A. HACKEL, SGT. CAMPAU,<br>SGT. SCHULTZ, SGT. B. KUTELL,<br>DEPUTY MASAKOWSKI, DEPUTY<br>MAZZARELLI, DEPUTY METRY,<br>DEPUTY FURNO, VALERIE WATKINS,<br>JAMES M. BIERNAT, MARGARET<br>DEMUYNCK, MICHELL M. SANBORN,<br>ONVIGBO, JASON MCTEVIA, ELIZABETH<br>CARVER, SGT. NEUMEYER, SGT. RICHARD,<br>ROBERT WROBLEWSKI,<br><br>            Defendants.<br>_____/ | Case No. 10-12823<br><br>David M. Lawson<br>United States District Judge<br><br>Michael Hluchaniuk<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
**MOTION FOR PRELIMINARY INJUNCTION (Dkt. 63)**

**I.    PROCEDURAL HISTORY**

Plaintiff moves for a preliminary injunction. (Dkt. 63). According to plaintiff's motion, he seeks to have an injunction issued against the Michigan Department of Corrections, "enjoining defendants" from taking all of plaintiff's money. Plaintiff contends that the MDOC is improperly taking his money in an effort to deny him access to the courts. He also claims that MDOC staff had taken

his legal materials from his cell and prevented him from using the prisoner law library. Defendants filed responses on February 15-16, 2012, essentially pointing out that they are not the objects of plaintiff's motion and cannot provide the requested relief. (Dkt. 67, 69, 70).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for preliminary injunction be **DENIED**.

## II.     ANALYSIS AND CONCLUSION

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
> 2. Whether the movant has shown irreparable injury.
> 3. Whether the preliminary injunction could harm third parties.
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir.1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id*. Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the

unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n. 3, (6th Cir. 1984); *see also Harris v. Wilters*, 596 F.2d 678 (5th Cir.1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), cert. denied, 394 U.S. 999 (1969); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit."  *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see e.g*, *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (where a plaintiff brought a qui tam action against the city and others for knowingly and improperly obtaining funds from several federal agencies for development or improvement of properties in minority-concentrated areas of city, the plaintiff's request for preliminary injunction against city ordinance allowing members of public to speak for only five minutes each at conclusion of city council meetings was properly denied because it was of a different character from relief sought and wholly unrelated to issues raised); *Atakpu v. Lawson*, 2006 WL 3803193 at *1-2 (S.D. Ohio 2006) (the plaintiff prisoner's motion seeking injunctive relief for

3

Report and Recommendation
Motion for Preliminary Injunction
*Corsetti v. Hackel*; Case No. 10-12823

harassment and retaliation was denied as unrelated to the prisoner's complaint, which alleged denial of his constitutional rights for inadequate medical care; court agreed with the Magistrate Judge's statement that a "court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint").

In this case, plaintiff not only seeks to have a preliminary injunction issued against non-parties, making the likelihood of success on the merits quite remote, it also seems apparent that plaintiff cannot establish irreparable harm. To the extent that plaintiff's complaints rest on the issue of money damages, harm that can be compensated by money damages is not irreparable harm. *Manakee Prof'l Med. Transfer Serv., Inc. v. Shalala*, 71 F.3d 574, 581 (6th Cir. 1995) ("[M]onetary damages do not generally constitute irreparable harm.") (citations omitted). In addition, there is no evidence of any significant or specific harm resulting to plaintiff from the claimed lack of access to legal materials or other complaints that MDOC officials are interfering with this litigation. Since filing this motion for preliminary injunction, plaintiff has filed a response to a motion to compel (Dkt. 66), a response to the motion to dismiss (Dkt. 84) and a motion for leave to amend the complaint (Dkt. 83). Only in his response to the motion to compel, does plaintiff complain about lack of access to legal materials. He also makes a host of other complaints regarding his medical care and other issues wholly unrelated to

the claims in this case. (Dkt. 66). Simply, in the view of the undersigned, plaintiff cannot bring his complaints against various MDOC officials in this case, which involves only complaints against Macomb County and the City of Centerline. *See e.g.*, *Brown v. Unknown Johns*, 2007 WL 851859, *2 (W.D. Mich. 2007) (Where plaintiff seeks injunctive relief that is unrelated to the present lawsuit against nonparties, the plaintiff's recourse was to file a new lawsuit on his new claims.). Indeed, it is questionable whether this Court would even have jurisdiction to grant such relief. *Herrara v. Dep't of Corrections*, 2011 WL 3862640 (E.D. Mich. 2011) (To the extent that the plaintiff seeks an injunction binding officials who are not parties to the action, the court lacks jurisdiction to enter the injunction), citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.") (citation omitted); *Guillen v. Thompson*, 2009 WL 2513501, *7 (D. Ariz. 2009); Fed.R.Civ.P. 65(d)(2) (injunction is binding only on parties, their agents, and persons acting in concert with parties).

Finally, in the context of a motion affecting matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. *Brown*, at *2. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. Thus, the public

welfare militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Id.*, citing *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has simply not been made in this case.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for preliminary injunction be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 24, 2012                                s/Michael Hluchaniuk
                                                    Michael Hluchaniuk
                                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on April 24, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Timothy S. Ferrand, Randall A. Juip, Lauri S. Kotch, Frank J. Krycia, James S. Meyerand, Brian J. Richtarcik, and Jason J. Thomas, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s) Joseph Corsetti, aka, Laurence Stravaty, ID# 140643, OAKS CORRECTIONAL FACILITY, 1500 Caberfae Highway, Manistee, MI 49660 and *St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

*The court docket reflects that the plaintiff's address is the Oaks Correctional Facility. However, a check with the Michigan Department of Corrections prisoner tracking system indicates that the plaintiff is currently located at the St. Louis Correctional Facility.

                                                    s/Tammy Hallwood
                                                    Case Manager
                                                    (810) 341-7887
                                                    tammy_hallwood@mied.uscourts.gov

7

Report and Recommendation
Motion for Preliminary Injunction
*Corsetti v. Hackel*; Case No. 10-12823