UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CORSETTI,

        Plaintiff,

v.

        Case Number 10-12823
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

MARK A. HACKEL, DEPUTY CAMPAU, SGT.
SCHULTZ, SGT. B. KUTELL, DEPUTY
MASAKOWSKI, DEPUTY MAZZARELLI,
DEPUTY METRY, DEPUTY FURNO, JANE
DOE, VALERIE WATKINS, JOHN DOE,
JAMES M. BIERNAT, MARGARET
DEMUYNCK, JANE DOE, MICHELL M.
SANBORN, ONVIGBO, JASON MCTEVIA,
ELIZABETH CARVER, SGT. NEUMEYER,
PATRICK RICHARD, and ROBERT
WROBLEWSKI,

        Defendants.
_____/

## ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER

On September 26, 2012, Magistrate Judge Michael J. Hluchaniuk issued an order denying the plaintiff's motion to amend his complaint. The plaintiff filed objections to this order on October 18, 2012. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with certain exceptions that do not apply here. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 permits parties a fourteen-day window after service of the order to object. Fed. R. Civ. P. 72(a). Upon receiving objections, this Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate

judge's order found to be clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N. Car.*, 470 U.S. 564, 573 (1985).

Magistrate Judge Hluchaniuk denied the motion to amend the complaint because he that the plaintiff's motion was unduly delayed, the plaintiff had provided no explanation as to what newly discovered information prompted the motion to amend, the plaintiff had not established that he acted with due diligence in seeking to amend the complaint, and the defendants would suffer prejudice in the form of additional discovery, expense, and delay. *See Perry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986); *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005). The Court finds that the magistrate judge's order was supported by the relevant law as applied to the facts of this case. The plaintiff's objection fails to demonstrate that the magistrate judge's decision was clearly erroneous. Therefore, the Court has no basis on which to find that Judge Hluchaniuk's decision was "clearly erroneous" and will overrule the objections.

Accordingly, it is **ORDERED** that the plaintiff's objections [dkt #158] to the magistrate judge's order are **OVERRULED**.

    s/David M. Lawson  
    DAVID M. LAWSON  
    United States District Judge

Dated: October 26, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 26, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL