UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CORSETTI,

        Plaintiff,

v.

        Case Number 10-12823
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

MARK A. HACKEL, DEPUTY CAMPAU, SGT.
SCHULTZ, SGT. B. KUTELL, DEPUTY
MASAKOWSKI, DEPUTY MAZZARELLI,
DEPUTY METRY, DEPUTY FURNO, JANE
DOE, VALERIE WATKINS, JOHN DOE,
JAMES M. BIERNAT, MARGARET
DEMUYNCK, JANE DOE, MICHELL M.
SANBORN, ONVIGBO, JASON MCTEVIA,
ELIZABETH CARVER, SGT. NEUMEYER,
PATRICK RICHARD, and ROBERT
WROBLEWSKI,

        Defendants.
_____/

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER [dkt. #198] AND ORDER DENYING DISQUALIFICATION [dkt. #197]

Plaintiff Joseph Corsetti filed a complaint alleging that the defendants violated his constitutional rights while he was a pretrial detainee in the Macomb County jail. The Court referred the case to Magistrate Judge Michael J. Hluchaniuk to conduct all pretrial proceedings, which have been lengthy and extensive. On March 28, 2013, the magistrate judge entered an order directing the plaintiff to serve on the defendants revised responses to certain written discovery requests that have been outstanding for some period of time. Thereafter, the plaintiff filed a document entitled "Plaintiff's response to Magistrate's Order." In that document, the plaintiff asks the Court to order the defendants to "tell the truth" about the previous discovery documents the plaintiff allegedly sent earlier, he criticizes the magistrate judge's discovery order, and he asks the Court to "remov[e] the

lying magistrate." Literally viewed, the document may not amount to an objection to the discovery order, but because of the plaintiff's vitriol directed at the magistrate judge, the Court will treat is as such.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with certain exceptions that do not apply here. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 provides parties a fourteen-day window after service of the order to object. Fed. R. Civ. P. 72(a). Upon receiving objections, this Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N. Car.*, 470 U.S. 564, 574 (1985).

In his order, the magistrate judge determined that the plaintiff's earlier discovery responses did not comply with the applicable Federal Rules of Civil Procedure. The magistrate judge pointed out the flaws, explained in detail what the rules require, and ordered the plaintiff's compliance within a specific time frame. The plaintiff takes issue with the magistrate judge's adoption of the

defendants' arguments concerning the service and adequacy of the response, but the magistrate judge's order was not clearly erroneous.

The plaintiff also finds the magistrate judge's rulings in this case so contrary to the plaintiff's position that he wants the magistrate judge removed. He makes this claim in his response to the magistrate judge's discovery order and as part of his response to another discovery motion. According to his earlier papers, the reason the plaintiff believes that the magistrate judge is biased against him is, once again, that the magistrate judge's rulings do not align with the plaintiff's idea of how the case should come out. The magistrate judge addressed the plaintiff's arguments in an order denying what the magistrate judge found to be a motion to disqualify him. The plaintiff has filed an objection to that order as well.

It is unfortunate that the plaintiff, disgruntled by the magistrate judge's procedural rulings that were foreordained by the plain language of the applicable rules of procedure, has now chosen to level a baseless charge of judicial bias. Alleging that a judge is prejudiced against a party is a serious matter, and a person making such a claim ought to be able to back it up. The plaintiff has not done so here; his only gripe is that the magistrate judge has ruled against him several times. "Under 28 U.S.C. §§ 144 and 455, a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *see also United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999). Prejudice or bias sufficient to justify recusal must be personal or extrajudicial. *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 164 (6th Cir. 1984). "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990) (internal quotation marks

omitted). Bias finding its source in the judge's view of the law or the facts of the case itself is not sufficient to warrant disqualification. *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983). Therefore, disagreement with a judge's decision or ruling is not a basis for disqualification or upsetting judicial rulings. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). The plaintiff makes little effort to support his allegations of judicial bias with any facts, other than to disagree with the outcome of the procedural motions in this case. His allegations of bias are impertinent and deserve no serious consideration.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's orders [dkt. # 200, 201] are **OVERRULED**, and the plaintiff's requests to remove the magistrate judge are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 17, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 17, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL