UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CORSETTI,

        Plaintiff,

v.

        Case Number 10-12823
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

MARK A. HACKEL, DEPUTY CAMPAU, SGT.
SCHULTZ, SGT. B. KUTELL, DEPUTY
MASAKOWSKI, DEPUTY MAZZARELLI,
DEPUTY METRY, DEPUTY FURNO, JANE
DOE, VALERIE WATKINS, JOHN DOE,
JAMES M. BIERNAT, MARGARET
DEMUYNCK, JANE DOE, MICHELL M.
SANBORN, ONVIGBO, JASON MCTEVIA,
ELIZABETH CARVER, SGT. NEUMEYER,
PATRICK RICHARD, and ROBERT
WROBLEWSKI,

        Defendants.
_____/

**ORDER DISMISSING AS MOOT PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDERS, DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANTS' MOTION TO DISMISS**

    Plaintiff Joseph Corsetti filed a complaint alleging that the defendants violated his constitutional rights while he was a pretrial detainee in the Macomb County jail. The Court referred the case to Magistrate Judge Michael J. Hluchaniuk to conduct all pretrial proceedings, which have been lengthy and extensive. On March 28, 2013, the magistrate judge entered an order directing the plaintiff to serve on the defendants revised responses to certain written discovery requests that have been outstanding for some period of time. The plaintiff filed objections to that order, which the Court overruled on April 17, 2013.

After the Court entered its order overruling the plaintiff's objections, the plaintiff filed three additional documents. On April 24, 2013, the plaintiff filed another objection to the magistrate judge's discovery order identical to the objection that the Court had overruled. Because the Court has ruled already on that objection, the Court will dismiss the plaintiff's April 24, 2013 objection as moot. On April 25, 2013 and May 2, 2013, the plaintiff filed two identical motions seeking reconsideration of the Court's April 17, 2013 order. The motions are titled "Plaintiff's Motion for Reconsideration Pursuant to FRCP, Rule 60(b)(3)." Federal Rule of Civil Procedure 60(b)(3) states that the Court may relieve a party from an order because of "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, the only fraud or misconduct alleged by the plaintiff in his motion is fraud by the magistrate judge and by this Court, rather than by the defendants. Moreover, the relief requested by the plaintiff is reconsideration of the Court's order. Accordingly, the Court will construe the plaintiff's motion as one for reconsideration.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The plaintiff argues that in overruling his objections, the Court ignored the fact that the plaintiff had returned signed admission in compliance with the magistrate judge's order. Not so.

The Court took that fact into account, but it did not allow the plaintiff to win the point. In his October 10, 2012 order requiring the plaintiff to submit revised discovery requests, the magistrate judge determined that the plaintiff's earlier discovery responses did not comply with the applicable Federal Rules of Civil Procedure in two important respects. The first shortcoming was a formal one: the response was not signed. *See* Fed. R. Civ. P. 36(a)(3). The second was a substantive problem: that the plaintiff's responses were improper, vague, and evasive. *See* Fed. R. Civ. P. 36(a)(4). The magistrate judge pointed out the flaws, explained in detail what the rules require, and ordered the plaintiff's compliance within a specific time frame. On November 16, 2012, the defendants filed a motion to deem admitted the defendants' request for admissions. On March 28, 2013, the magistrate judge entered an order that did not grant the defendants the relief that they sought. Instead, the magistrate judge granted the plaintiff an addition fourteen days to submit signed and revised responses to the defendants' requests for admission.

On April 25, 2013, the magistrate judge entered an order granting the defendants' motion and deeming the requests for admission admitted. The plaintiff filed an objection to that order on May 10, 2013. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with certain exceptions that do not apply here. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 permits parties a fourteen-day window after service of the order to object. Fed. R. Civ. P. 72(a). Upon receiving objections, this Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary

to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N. Car.*, 470 U.S. 564, 573 (1985).

In response to the defendant's November 16, 2012 motion, and now in the plaintiff's motion for reconsideration and objection to the magistrate judge's April 25, 2013 order, the plaintiff asserts that he provided signed copies of his response to the defendants' requests for admissions. That may be the case. However, conspicuously absent from the plaintiff's arguments is any indication that the plaintiff revised his responses to address the second, substantive shortcoming identified by the magistrate judge: that the responses were improper, vague, and evasive. In the absence of any evidence or argument that the plaintiff was in *full* compliance with the magistrate judge's October 10, 2012 order, the Court cannot find that the magistrate judge's order was erroneous, let alone clearly erroneous. Nor does anything in the plaintiff's motion for reconsideration persuade the Court that its disposition of the magistrate judge's March 29, 2013 order was based on a palpable defect or that the magistrate judge's April 25, 2013 order was clearly erroneous.

The plaintiff also protests that the magistrate judge has made decisions based on "non-factual, or untrue facts" and has behaved unfairly to the plaintiff. Not so. When on October 10, 2012 the magistrate judge concluded that the plaintiff's discovery responses were not in compliance with the Federal Rules of Civil Procedure, the Court did not deem the requests admitted, as he could have done under the Rules. *See* Fed. R. Civ. P. 36(a)(6). Instead, the Court granted the plaintiff

time to amend his responses to bring them into compliance and clearly explained how the plaintiff could do so. When the plaintiff failed to submit revised responses that addressed the flaws identified by the magistrate judge, rather than deem the requests admitted as requested by the defendants, the magistrate judge granted the plaintiff a further extension of time to file responses that comply with the Federal Rules. It is to that second order that the plaintiff now objects, asserting that the magistrate judge has acted improperly and unfairly. To the contrary, the magistrate judge gave the plaintiff every opportunity to submit responses to discovery requests that were filed more than a year ago. The plaintiff's failure to bring his responses in line with the requirements of the Federal Rules does not render the magistrate judge's actions unfair.

On May 7, 2013, after the plaintiff filed his motion for reconsideration, the magistrate judge filed a report recommending that the Court grant defendant Wroblewski's motion for summary judgment, grant the motion to dismiss filed by defendants Hackel, Kutell, Schulte, Furno, Masakowski, Metry, Mazzarelli, Biernat, DeMuynck, Sanborn, McTevia, Carver, Neumeyer, and Richard, and dismiss the plaintiff's complaint with prejudice with respect to defendants Wroblewski, Hackel, Sanborn, Biernat, DeMuynck, and Kutell. The defendant filed objections to the report and recommendation on May 15, 2013. Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues

that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The plaintiff's objections to the magistrate judge's report and recommendation are based on his contention that the motion to amend was improperly denied and the Court should consider factual allegations not contained in the original complaint but only in the proposed amended complaint and in other subsequent motion papers. The plaintiff also repeats that argument in his objections to the magistrate judges' orders regarding the defendants' requests for admission. The Court has already ruled on the plaintiff's objections to the magistrate judge's order denying the motion to amend the complaint and found them to lack merit. The plaintiff's original complaint was filed on July 16, 2010. The plaintiff did not seek leave to amend with a proposed amended complaint until nearly two years later, on May 10, 2012; and when he did seek leave, he presented no explanation for the delay and no evidence of his diligence in seeking to amend his complaint.

It is true that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, a party seeking leave to amend must "act with due diligence if it wants to take advantage of the Rule's liberality." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). A motion to amend can be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [or] futility of the amendment." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 521 (6th Cir. 2010).

It is also true that *pro se* litigants' complaints are to be construed liberally and held to "less stringent standards" than complaints drafted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* litigant is subject to the same rules of procedure as litigants who are represented by counsel. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). The plaintiff, like any other litigant before this Court, has an obligation to prosecute his case in timely fashion. Proceeding with a complaint for nearly two years before seeking leave to amend with little explanation for the delay and at the cost of significant prejudice to the defendants does not satisfy that obligation. The significant delay, the lack of due diligence on the part of the plaintiff, and the prejudice to the defendants point inevitably to the denial of leave to amend the complaint, which was appropriate. The magistrate judge's decision on that point not only was not clearly erroneous, it was not erroneous at all. Nor does the Court find that the magistrate judge erred by failing to consider facts outside the pleadings in recommending that the Court grant the defendants' motions.

The plaintiff also objects to the magistrate judge's determination that defendants Biernat and DeMuynck are entitled to absolute immunity. Those defendants are, respectively, a state circuit court judge and an assistant prosecutor. The plaintiff's claims against those defendants fail for a number of reasons. First, and most crucially, the plaintiff's complaint fails to state a claim with respect to either defendant, because it contains only the vague and conclusory allegation that they ignored the fact that the plaintiff was improperly housed in the Center Line jail. That allegation is insufficient to state a claim for relief. Second, the plaintiff's response raised allegations not

contained in the complaint and that the magistrate judge was not required to consider on a motion to dismiss. However, the magistrate judge properly determined that even if the new allegations could be considered, a claim based on those allegations would be barred by *res judicata*. Finally, any claims arising out of the new allegations would, as the magistrate judge correctly determined, be barred by the defendants' immunity, because the allegations concerned acts taken by defendant Biernat in his judicial capacity and by defendant DeMuynck in preparation for the defendant's criminal trial. *See Forrester v. White*, 484 U.S. 219, 225 (1988); *Buckley v. Fitzsimmons*, 509 U.S. 259, 270-71 (1993). The plaintiff has identified nothing to suggest that defendant Biernat acted without jurisdiction or in a non-judicial capacity or that defendant DeMuynck's actions were unrelated to her preparations for the prosecution of the plaintiff. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The plaintiff's bare allegations that the defendants lacked authority and that their actions had nothing to do with his criminal charges are insufficient to defeat the defendants' immunity.

The magistrate judge also correctly determined that the plaintiff's complaint should be dismissed with prejudice with respect to defendants Wroblewski, Hackel, Sanborn, Biernat, DeMuynck, and Kutell. As to those defendants, the plaintiff's complaint lacks merit. However, rather than accepting the rulings of this Court, the plaintiff has allowed his frustration to result in filings with this Court that are increasingly hostile and unilluminating. The plaintiff even suggests that the Court does not read his filings, which most assuredly is not the case. The plaintiff's continued insistence that the decisions of the magistrate judge and the Court in this case are unfair, improper, or biased has no substance and is based on little more than the plaintiff's disagreement with the outcome of procedural motions. The Court finds that the plaintiff's motions for

reconsideration, objection to the magistrate judge's order deeming defendants' requests for admission, and objection to the magistrate judge's report and recommendation lack merit, and accordingly, the Court will deny the motions for reconsideration, overrule the plaintiff's objections, and adopt the magistrate judge's report and recommendation.

Accordingly, it is **ORDERED** that the plaintiff's objection to the magistrate judge's order [dkt. #204] is **DISMISSED AS MOOT**.

It is further **ORDERED** that the plaintiff's motions for reconsideration [dkt. #s 206, 207] are **DENIED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #209, 211] are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [dkt. #208] is **ADOPTED**.

It is further **ORDERED** that defendant Wroblewski's motion for summary judgment [dkt. #165] is **GRANTED**.

It is further **ORDERED** that the motion to dismiss filed by defendants Hackel, Kutell, Schulte, Furno, Masakowski, Metry, Mazzarelli, Biernat, DeMuynck, Sanborn, McTevia, Carver, Neumeyer, and Richard [dkt. #172] is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE** with respect to defendants Wroblewski, Hackel, Sanborn, Biernat, DeMuynck, and Kutell.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: May 28, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 28, 2013.

                                                 s/Shawntel Jackson
                                                 SHAWNTEL JACKSON