UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH CORSETTI, | Case No. 10-12823 |
| Plaintiff, | David M. Lawson<br>United States District Judge |
| vs. | |
| SGT. CAMPAU, SGT. SCHULTZ, SGT. DEPUTY MASAKOWSKI, DEPUTY MAZZARELLI, DEPUTY METRY, DEPUTY FURNO, VALERIE WATKINS, ONVIGBO, JASON MCTEVIA, ELIZABETH CARVER, SGT. NEUMEYER, SGT. RICHARD, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendants. | |

_____/

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL AND FOR SUMMARY JUDGMENT (Dkt. 190)**

**I.    PROCEDURAL HISTORY**

Plaintiff Joseph Corsetti filed his complaint on July 16, 2010. (Dkt. 1). Shortly thereafter, this matter was referred to the undersigned for all pretrial proceedings. (Dkt. 16). On January 30, 2013, several defendants[1] filed a motion for summary judgment. (Dkt. 190). The Court ordered plaintiff to file a response by March 18, 2013. (Dkt. 196). That order provided that the "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief**

---

[1] Since the filing of this motion, some of the moving parties have been dismissed by virtue of the District Court's order dated May 28, 2013. (Dkt. 212).

**requested by the moving party.**" *Id.* (emphasis in original). A review of the docket revealed that plaintiff had not filed a timely response to defendant's motion. Thus, on April 24, 2013, the Court issued an order for plaintiff to show cause in writing by May 8, 2013, why the undersigned should not recommend that plaintiff's complaint be dismissed for failure to file a response. (Dkt. 203). Alternatively, the Court indicated that plaintiff could file a response to the motion to dismiss by that same date. *Id.* In the show cause order, the Court specifically warned that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion to dismiss will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)**." *Id.* (emphasis in original).

Plaintiff filed a response to the show cause order indicating that he was unable to file a response to the motion for summary judgment because the Court did not allow him to amend his complaint. (Dkt. 210). Plaintiff also states his opinion that the Court is biased against him and asks the Court to essentially dismiss the remainder of the case so he can get on with his appeal to the Sixth Circuit:

> Stop wasting my time, and everyone else's here, dismiss this case, which is the Court's intent, this is the only logical reason that this Court refused to allow an in pro per litigant, who by affidavit(s) has shown that he is being denied use of the prison law library, denied

> envelopes even, and considering the fact that the Plaintiff even had a stress induced heart attack and much much more, and all of this was not cause, even when it has to be taken into consideration that this Court allowed one of the Defendant(s) who defaulted, the opportunity to file his Answer to the Complaint almost one year late, but the Plaintif [sic] was in fact penalized for not filing his Motion to Amend in an expedient manner. Really, come, on fellas, come on.
>
> Sua sponte do whatever you want, that is what you have done all along, and there is no stopping this from continuing.
>
> **Relief Requested**
>
> WHEREFORE, Joseph Corsetti, Plaintiff herein throughout hereby appearing in propia persona, moves this Court to Dismiss this Case, so we can get the matters settled in the Sixth Circuit. My Appellate Brief has been done for over six (6) Months now.

(Dkt. 210, Pg ID 2428-2429) (emphasis in original).

For the reasons set forth below, the undersigned **RECOMMENDS** that the remainder of plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion (Dkt. 190) be **TERMINATED** as **MOOT**.

## II.    ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson, Tenn.*,

8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)] – which

merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro*, 173 F.3d at 991 (citing *Carver*, 946 F.2d at 453). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In this case, the Court warned plaintiff multiple times in writing that dismissal in defendant's favor would be granted if he failed to file a response to the motion and an adequate response to the order to show cause. (Dkt. 196, 203). The undersigned finds plaintiff's response to the show cause order to be wholly inadequate as he has failed to provide any legitimate reasons for his failure to address the substantive issues raised in the motion for summary judgment, notwithstanding plaintiff's continuing and meritless complaints about the "unfairness" of the decisions in this case. Thus, this third factor weighs in favor of dismissal. With respect to the first factor, it is clear from plaintiff's response to the show cause order that he willfully refuses to provide a response to the motion for summary judgment. Thus, the first and second factors weigh in favor of dismissal. Finally, given plaintiff's statement that he cannot and will not file a response to the motion for summary judgment and simply wants the Sixth Circuit to resolve this matter, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), quoting *Lucas v. Miles*, 84

F.3d 532, 535 (2d Cir. 1996).  However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).  While this is not a typical case of "abandonment" in that plaintiff is still actively filing documents with the Court, the undersigned concludes that plaintiff has made it abundantly clear that he will not cooperate with the resolution of the motion for summary judgment or any other proceedings in the District Court.  Under the circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil

Procedure 41(b) and that the pending motion (Dkt. 190) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date: July 18, 2013 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

### CERTIFICATE OF SERVICE

I certify that on July 18, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Timothy S. Ferrand, Randall A. Juip, Lauri S. Kotch, Frank J. Krycia, James S. Meyerand, Brian J. Richtarcik, and Jason J. Thomas, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s) Joseph Corsetti, ID# 140643, SAGINAW CORRECTIONAL FACILITY, 9625 Pierce Road, Freeland, MI 48623.

s/Tammy Hallwood<br>
Case Manager<br>
(810) 341-7887<br>
tammy_hallwood@mied.uscourts.gov