UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CORSETTI,

        Plaintiff,

v.

        Case Number 10-12823
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

MARK A. HACKEL, DEPUTY CAMPAU, SGT.
SCHULTZ, SGT. B. KUTELL, DEPUTY
MASAKOWSKI, DEPUTY MAZZARELLI,
DEPUTY METRY, DEPUTY FURNO, JANE
DOE, JOHN DOE, JAMES M. BIERNAT,
MARGARET DEMUYNCK, JANE DOE,
MICHELL M. SANBORN, JASON MCTEVIA,
ELIZABETH CARVER, SGT. NEUMEYER,
PATRICK RICHARD, and ROBERT
WROBLEWSKI,

        Defendants.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE

This matter is before the Court on the plaintiff's objections to Magistrate Judge Hluchaniuk's report recommending that the defendants' motion for summary judgment be dismissed as moot and the case dismissed under Federal Rule of Civil Procedure 41(b). The case commenced when the plaintiff filed a complaint alleging that the various defendants violated his constitutional rights while he was a pretrial detainee in the Macomb County jail. The case was referred to Magistrate Judge Michael J. Hluchaniuk to conduct all pretrial proceedings.

The matter was robustly litigated for a time, and Judge Hluchaniuk has entered several orders and reports. A turning point in the litigation appears to have occurred when Judge Hluchaniuk denied the plaintiff's motion for leave to file an amended complaint on September 26, 2012, a little

more than two years after the plaintiff filed this lawsuit. The plaintiff objected to that order, and the Court overruled the objection. Since that time, most of the papers the plaintiff has filed include a diatribe about the injustice of that ruling and accusations that the magistrate judge is biased against him. However, despite issues raised concerning discovery and the defendants' attacks against the plaintiff's claims, the plaintiff has done little to address the merits of his case or resist the defendants' efforts to see it dismissed. It appears that the plaintiff has disengaged from the present controversy in this Court and seeks an opportunity to litigate in an appellate court, even without a decision on the merits of his original complaint.

On January 30, 2013, the defendants filed a motion for summary judgment. The plaintiff did not respond, despite an order from the magistrate judge to do so. Eventually, the magistrate judge issued an order for the plaintiff to show cause why the motion for summary judgment should not be granted. The plaintiff responded with this statement of his position:

> Stop wasting my time, and everyone else's here, dismiss this case, which is this Court's intent, that is the only logical reason that this Court refused to allow an in pro per litigant, who by affidavit(s) has shown that he is being denied use of the prison law library, denied envelopes even, and considering the fact that the Plaintiff even had a stress induced heart attack and much much more, and all of this was not cause, even when it has to be taken into consideration that this Court allowed one of the Defendant(s) who defaulted, the opportunity to file his Answer to the Complaint almost one year late, but the Plaintif [sic] was in fact penalized for not filing his Motion to Amend in an expedient manner. Really, come, on fellas, come on.
>
> Sua sponte do whatever you want, that is what you have done all along, and there is no stopping this from continuing.
>
> ### Relief Requested
>
> WHEREFORE, Joseph Corsetti, Plaintiff herein throughout hereby appearing in propia persona, moves this Court to Dismiss this Case, so we can get the matters settled in the Sixth Circuit. My Appellate Brief has been done for over six (6) Months now.

(dkt. #210, Pg ID 2428-2429) (emphasis in original).

After receiving that response, the magistrate judge filed a report recommending that the case be dismissed under Federal Rule of Civil Procedure 41(b) and the defendants' motion for summary judgment be terminated as moot. That rule allows the court to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ P. 41(b). In his report, the magistrate judge considered the four factors prescribed by the court of appeals when courts are faced with a plaintiff who fails to prosecute his case and concluded that dismissal was appropriate. *See Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). The magistrate judge documented the multiple times the plaintiff was warned that his failure to respond to the summary judgment motion would result in a dismissal of his case. He found that the plaintiff's failure to respond was willful, and his response to the motion was "wholly inadequate." And because of the plaintiff's intransigence, the magistrate judge concluded that any attempt at imposing lesser sanctions would be pointless.

The plaintiff filed objections, but they do not address the merits or substance of the report and recommendation. The objections echo a familiar refrain: 1) that the plaintiff was not allowed to file an amended complaint; 2) that Magistrate Judge Hluchaniuk, who the plaintiff alleges is biased against him, has been allowed to continue to manage this case; and 3) that the Court has not stepped in to address the magistrate judge's "biased" rulings.

Objections to a magistrate judge's report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge . . . may accept, reject, or modify, in whole or in part, the findings to which objection is made." 28 U.S.C. § 636(b)(1). The

parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The plaintiff's objections fail to address anything in the magistrate's report and recommendation. Instead, the plaintiff argues the same issues upon which the Court has already ruled. *See Corsetti v. Hackel*, No. 10-12823 [dkt. #161 at 2] (E.D. Mich. Oct. 26, 2012) (overruling plaintiff's objections to magistrate's denial of motion to amend); *id.* [dkt. #202 at 2-4] (E.D. Mich. Apr. 17, 2013) (overruling plaintiff's objections to magistrate's denial of recusal motion). The plaintiff has failed to object to the report and recommendation in any meaningful way — accordingly, he has waived any right to further appeal, and the Court need not conduct an independent review of the issues.

The Court finds that the magistrate judge properly recommended dismissal of the case under Rule 41(b). Such a dismissal "operates as an adjudication on the merits." Fed. R. Civ P. 41(b).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #214] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #215] are **OVERRULED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt. #190] is **DISMISSED as moot**.

                                            s/David M. Lawson  
                                            DAVID M. LAWSON  
                                            United States District Judge

Dated:   September 13, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2013.

                                s/Shawntel Jackson  
                                SHAWNTEL JACKSON